UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **DOLORIS LYNN GARCIA,** *Plaintiff* | § § § | |
| v. | § § | Case No.  1:24-CV-01049-DII |
| **DAVID GRAY, HOLLY MANAHAN, LESLIE DUNN,** *Defendants* | § § § | |

## ORDER AND REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

TO:   UNITED STATES DISTRICT JUDGE

The undersigned submits this report and recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Plaintiff Dolores Lynn Garcia's Application to Proceed *In Forma Pauperis*. Dkt. 2. Because Garcia is requesting permission to proceed *in forma pauperis*, the undersigned must review and make a recommendation on the merits of her claims pursuant to 28 U.S.C. § 1915(e).

### I.      REQUEST TO PROCEED *IN FORMA PAUPERIS*

The Court has reviewed Garcia's financial affidavit and determined Garcia is indigent and should be granted leave to proceed *in forma pauperis*. Accordingly, the Court hereby **GRANTS** Garcia's request for *in forma pauperis* status, Dkt. 2. The

Clerk of the Court shall file the complaint without payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Garcia is further advised that, although she has been granted leave to proceed *in forma pauperis*, a court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, the undersigned has made a § 1915(e) review of the claims made in this complaint and recommends that Garcia's claims be dismissed under 28 U.S.C. § 1915(e). Therefore, service upon Defendants should be withheld pending the District Judge's review of the recommendations made in this report. If the District Judge declines to adopt the recommendations, then service should be issued at that time upon Defendants.

## II.     REVIEW OF THE MERITS OF THE CLAIM

Because Garcia has been granted leave to proceed *in forma pauperis*, the undersigned is required by statute to review the Complaint. Section 1915(e)(2) provides in relevant part that "the court shall dismiss the case at any time if the court determines that … the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*,

490 U.S. 319, 325 (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327.

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, pro se status does not offer a plaintiff an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Garcia brings this section 1983 lawsuit against three Georgetown Independent School District ("GISD") employees to vindicate her Fourth, Eighth, Ninth,[1] and Fourteenth Amendment rights based on her termination from her job as a bus driver for GISD. Dkt. 1, at 2-3. After she failed a physical examination, Garcia was removed from her position as a school bus driver but later allowed to return after receiving other physical examinations. *Id.* at 3-10. Upon her return, Garcia was placed on a bus route that "was totally unacceptable to her" because "she did not feel safe driving this group of students." *Id.* at 10-11. Garcia alleges that GISD would put drivers on this route to get them to "resign voluntarily." *Id.* at 11-12. After Garcia complained to her superiors about the bus route, she was offered a position as a bus monitor, which she did for a couple of days until she was issued a termination letter. *Id.* at 12-

---

[1] Garcia cannot state a claim for relief under the Ninth Amendment because it "does not confer substantive rights upon which civil rights claims may be based." *Johnson v. Tex. Bd. of Crim. Just.*, 281 F. App'x 319, 320 (5th Cir. 2008) (citation omitted).

14. Based on these events, Garcia now seeks damages in the amount of $1.5 million. *Id.* at 17.

Garcia's section 1983 claims lack merit because she has not alleged the existence of any constitutional violations. *Becerra v. Asher*, 105 F.3d 1042, 1047 (5th Cir. 1997) ("[W]ithout an underlying *constitutional* violation, there can be no § 1983 liability[.]"). First, Garcia has no standing to assert a Fourth Amendment claim because she has not alleged "a justifiable, a reasonable, or a legitimate expectation of privacy that has been invaded by government action." *Barry v. Freshour*, 905 F.3d 912, 914 (5th Cir. 2018). Second, Garcia's Eighth Amendment claim fails because she has not alleged that she was subjected to any unjust punishment because of her violation of a criminal statute. *City of Grants Pass, Or. v. Johnson*, 144 S. Ct. 2202, 2215 (2024) (noting that Eighth Amendment "has always been considered, and properly so, to be directed at the method or kind of punishment" a government may "impose for the violation of criminal statutes" (cleaned up)).

Finally, Garcia cannot state a claim for any violation of her equal-protection or due-process rights under the Fourteenth Amendment based on the facts alleged in her complaint. As to any equal-protection claim, Garcia has not pleaded that she is a member of a protected class or that defendants acted with a discriminatory intent. *See* Dkt. 1. "To state a claim under the Equal Protection Clause, a § 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class." *Williams v. Bramer*, 180 F.3d 699, 705 (5th Cir.), *decision clarified on reh'g*, 186 F.3d 633 (5th Cir. 1999); *Gamza v. Aguirre*,

619 F.2d 449, 453 (5th Cir. 1980) ("Unlike systemically discriminatory laws, isolated events that adversely affect individuals are not presumed to be a violation of the equal protection clause."). Regarding any due-process claim, Garcia has similarly failed to identify a protected life, liberty, or property interest that she was deprived of because of Defendants' conduct as her expectation of continued employment with GISD is insufficient to state a claim under the Fourteenth Amendment's due-process clause. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) ("To state a Fourteenth Amendment due process claim under § 1983, a plaintiff must first identify a protected life, liberty or property interest[.]" (quotation marks omitted)); *Givs v. City of Eunice*, 512 F. Supp. 2d 522, 545 (W.D. La. 2007), *aff'd*, 268 F. App'x 305 (5th Cir. 2008) ("A mere unilateral expectation of continued employment on the part of the employee is insufficient to confer a property interest.").

### III.    ORDER AND RECOMMENDATION

The undersigned hereby **GRANTS** Garcia's Application to Proceed *In Forma Pauperis*. Dkt. 2. The undersigned **RECOMMENDS** the District Judge **DISMISS** Garcia's causes of action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

The referral of this case to the Magistrate Judge should now be canceled.

### IV.    WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d

419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn,* 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED October 24, 2024.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE